■ In the Matter of the Claim of WILLMER HARLEY, Respondent, against M. H. LAMSTON CO. INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was injured on February 14, 1956 and he was found to have been disabled from the following day, February 15, to March 6. Since this period of disability did not exceed 35 days, he was not entitled to

compensation "for the first seven days of disability". (Workmen's Compensation Law, § 12.) An award of $52.79 was made for the period beginning February 22 and extending to March 6. The employer paid the claimant full wages of $56 for the period of February 15 to February 24. Reimbursement has been allowed for so much of this period as occurred after the first seven days, i.e., from February 22 to February 24, at the compensation rate. The employer seeks reimbursement for the first seven days as well. This, if allowed, according to the employer's full claim for reimbursement, would offset and eliminate this award. Decision is controlled by a reading of section 25 of the Workmen's Compensation Law. This authorizes reimbursement to an employer who has made advance payments "of compensation" or made "payments to an employee in like manner as wages"; the reimbursement to be made "out of" installments "of compensation due". This language can be read only to mean that reimbursement is allowable for the same period for which the advance payments have been made. Certainly the words "advance payment" of "compensation" could not mean payment for a period in which compensation would never be due and the words which follow in immediate context after the word "or" — "payments  *  *  * in like manner as wages" — refer to the same kind of a period for which an employee would thereafter be entitled to compensation. Both kinds of payments are reimbursable from "compensation due" and it is not easy to see how this could mean anything other than "due" for the same period for which reimbursement is sought. (*Matter of Lynch* v. *Board of Educ. of City of N. Y.*, 1 A D 2d 362, affd. 3 N Y 2d 871.) Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.